Dorothy Canfield STEPHENS, as Executrix of the Estate of T. D. Stephens, Deceased, Plaintiff,

v.

REYNOLDS SECURITIES, INC., a corporation, Defendant.

Civ. A. No. 75 L 0448 S.

United States District Court, N. D. Alabama, S. D.

Jan. 20, 1976.

Edward Still, Dawson, Crittenden & Still, and James L. Shores, Jr., Birmingham, Ala., for plaintiff.

N. Lee Cooper and George G. Lynn, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for defendant.

LYNNE, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Introduction

This case arises from plaintiff's dissatisfaction with the defendant Reynolds Securities, Inc.'s (Reynolds) method of disclosure of annual interest rates charged on margin accounts. A margin account is the securities industry's method of extending credit to customers; a customer may purchase a specified amount of stock from a securities firm by advancing only a portion of the purchase price. The firm maintains the stock purchased as collateral for the "loan" and charges interest on the balance of the purchase price remaining to be paid.

Securities and Exchange Commission Rule 10b–16 (17 C.F.R. § 240.10b–16) requires full disclosure of the interest rate being charged on margin accounts and of the method of computing the annual rate of interest. The plaintiff claims that the defendant, in computing interest by using three hundred and sixty (360) days as a year rather than three hundred and sixty-five (365) days as a year, has violated the disclosure requirements of this Rule.

The parties agree that there are no disputed factual issues in this case and that the case is therefore suitable for disposition by summary judgment. Having duly considered the parties' motions for summary judgment and the briefs in support thereof, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The plaintiff is the executrix of the Estate of T. D. Stephens, deceased, who, during his lifetime, maintained with the defendant a margin account which since his death has been maintained by plaintiff for the use and benefit of the Estate. T. D. Stephens opened his margin account with

Reynolds on January 24, 1974. At this time he was given a copy of Reynolds' "Initial Disclosure Truth-In-Lending Statement." His signature on the "Customer Agreement" acknowledges receipt of this statement. This document explained that interest was to be charged on any credit extended under the margin account for the purpose of purchasing, carrying or trading in any security. It indicated that the annual rate of interest charged on a customer's debit balance was to be determined by the broker's call money rate in New York City, and that the actual interest rate charged would be at least one-half of one percent above this call rate, in compliance with New York Stock Exchange requirements. The Initial Disclosure Truth-In-Lending Statement further explained that interest was to be computed on a monthly basis on the 15th of each month to cover the period from the 15th of the previous month through the 14th day of the current month. Under the capitalized heading, "Interest Formula and Verification", the document further explained the method of computing interest on each monthly statement. So that he might verify the interest charged, the customer was advised to determine each day's interest charge by multiplying that day's debit balance by the annual interest rate, and in turn by multiplying the resulting figure by the fraction $\frac{1}{360}$, thus indicating that interest was computed on a 360-day year. The figure "360" appears twice in the paragraph explaining the method for computing interest.

T. D. Stephens opened a margin account on January 24, 1974 with the purchase of 600 shares of Saunders Leasing System stock. He purchased on margin an additional 100 shares in the same company later the same day. Two days later he purchased an additional 100 shares of Saunders Leasing System stock on margin, and on January 29, 1974 he purchased on margin yet another 200 shares in the same company. T. D. Stephens made no additional purchases whatsoever in his margin account following the January 29, 1974 purchase. His executrix, Dorothy Canfield Stephens, has never purchased any securities on margin

from Reynolds. The only sales made in T. D. Stephens' account following the January 29, 1974 purchase were made to meet margin requirements as set by Federal Reserve Board regulations and Reynolds Securities, Inc.

Monthly statements covering all Reynolds' margin accounts are compiled as of the last business day of each month and are received by the respective margin account customers by approximately the 10th of the following month. The first monthly statement received by T. D. Stephens was dated January 31, 1974 and was received on approximately February 10, 1974. As interest on margin accounts is computed from the 15th day of the preceding month through the 14th day of the month during which the statement is prepared, this first monthly statement made no reference to the interest rate being charged, since Stephens had purchased no shares on margin prior to the 15th day of January, 1974. The second monthly statement received by T. D. Stephens was dated February 28, 1974. This statement revealed the interest rate being charged and the dollar amount of said charges on the account from the date the account was opened through February 14, 1974. Subsequent monthly statements revealed the interest rate and the dollar amount charged as interest through the 14th day of the month in which the statement was sent. The interest charge reported on each monthly statement was computed according to the method set forth in the Initial Truth-In-Lending Statement which plaintiff's decedent received when he opened his margin account.

## CONCLUSIONS OF LAW

The Court has jurisdiction of this matter under the provisions of 15 U.S.C. § 78aa. Venue is also properly laid in this Court under the provisions of 15 U.S.C. § 78aa.

The undisputed facts of this case demonstrate that the defendant, Reynolds Securities, Inc., adequately disclosed its method of computing interest charged to the plaintiff's decedent, T. D. Stephens, on his mar-

gin account when said account was first opened. The interest reported on all monthly statements was computed in accordance with the disclosed method. Each monthly statement revealed the annual interest rate being charged and the exact dollar amount of such interest. The defendant was therefore at all times in compliance with Securities and Exchange Commission Rule 10b–16, 17 C.F.R. § 240.10b–16.

Defendant is accordingly entitled to summary judgment as a matter of law on the issue of compliance with S.E.C. Rule 10b–16, 17 C.F.R. § 240.10b–16. Since the disposition of this issue terminates this action, the Court pretermits consideration of the several other grounds advanced by defendant in support of its motion for summary judgment.